1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY LEE SEPPA,

                    Petitioner,

      v.

JEFFREY UTTECHT,

                  Respondents.

CASE NO.  C10-5190RJB/JRC

REPORT AND
RECOMMENDATION

Noted for October 8, 2010

      The underlying Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has

been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §

636(b)(1)(A) and (B), and Local Magistrate Judge's Rule MJR3 and MJR4.  After review of the

petition and answer, the court recommends the petition be DISMISSED WITHOUT

PREJUDICE as unexhausted.

      **PETITIONER HAS UNTIL SEPTEMBER 24, 2010. TO FILE A PERSONAL**

**RESTRAINT PETITION IN STATE COURT.  Petitioner has an obligation to file a**

**personal restraint petition in state court, and exhaust that possible remedy, <u>before</u> bringing**

**a federal habeas petition.  The filing of a federal habeas petition does not toll the running of**

**the state one-year limit on filing the personal restraint petition and failure to file such a**

REPORT AND
RECOMMENDATION - 1

1    **petition will result in dismissal of his federal habeas petition because the state remedies**

2    **were unexhausted.**

3    ### BASIS FOR CUSTODY

4            Petitioner is currently serving a 52-month sentence out of Lewis County.  Plaintiff was found

5    guilty of Driving Under the Influence (felony), Operating a Vehicle Without Ignition Interlock

6    (gross misdemeanor) and Driving While License Suspended (gross misdemeanor).  He was

7    sentenced to 52 months on the felony conviction with a term of community placement following his

8    release (Dkt. # 13, Exhibit 1).  The two misdemeanor convictions run concurrent and have expired.

9    Only the felony conviction is challenged in this petition.

10   ### FACTS

11           The Washington State Court of Appeals summarized the facts as follows:

12           A state trooper arrested Seppa for driving under the influence (DUI) after
13           the trooper observed Seppa drive his vehicle through a red light in Centralia,
14           Washington. The State charged Seppa with one count of driving under the
15           influence (DUI), alleging that he had four or more prior DUI convictions.

16           Just prior to trial, defense counsel offered a proposed stipulation that listed
17           Seppa's prior DUI convictions over the preceding nine-year period. The proposed
18           stipulation included six DUI convictions and one physical control conviction.
19           Defense counsel sought to have all knowledge of the prior DUIs kept from the
20           jury.
                 The pretrial court refused to accept the stipulation as proposed. The
21           pretrial court explained that the present circumstance was different from cases
             where a defendant stipulated generally to having a prior felony conviction as an
22           element of a charged crime (e.g. unlawful possession of a firearm), and so
             stipulated in order to avoid having the State submit evidence of a prior heinous
23           offense that could possibly inflame the jury's passions. The court explained that
             here, proof of four or more prior DUI convictions was the essential element that
24           raised the DUI to a class C felony. It was an essential element that the State was
             required to prove and that the jury was required to decide.

25           Later at trial, a visiting judge presided over the proceedings. Defense
26           counsel again asked the court to accept a stipulation that Seppa had four prior
             DUI convictions and to exclude the element from the jury. The court declined.
             But defense counsel then came to an agreement with the prosecutor and submitted

REPORT AND
RECOMMENDATION - 2

yet another proposed stipulation that simply stated defendant had four prior DUI convictions, and asked the court to read the stipulation to the jury at the close of the State's case. The court accepted the stipulation and read it to the jury at the end of the State's case. The jury convicted Seppa on the felony DUI charge.

(Dkt. # 13, Exhibit 2, (footnotes omitted)).

## **PROCEDURAL HISTORY**

Petitioner filed a direct appeal of the pretrial court's denial of his motion to stipulate to prior DUI convictions.  Petitioner argued:

> 1.    The trial court erred by rejecting the parties' stipulation and agreement removing Mr. Seppa's prior DUI convictions from the jury's consideration.

ISSUES PERTAINING TO ASSIGNMENT OF ERROR

> Danny Lee Seppa was charged with felony DUI. He stipulated that he had four prior DUI convictions (elevating the offense to a felony), and the parties agreed to remove his prior convictions from the jury's consideration. The trial court, believing that it lacked discretion to do so, refused to accept the parties' agreement.

> 1.    Did the trial court have discretion to accept the parties' stipulation and agreement to remove Mr. Seppa's prior convictions from the jury's consideration? Assignment of Error No. 1.

> 2.    Did the trial court abuse its discretion by refusing to consider the parties' stipulation and agreement to remove Mr. Seppa's prior convictions from the jury's consideration? Assignment of Error No. 1.

(Dkt. # 13, Exhibit 3).  The grounds for review were not raised or argued as violations of a federal constitutional right.  Petitioner filed a statement of additional grounds in which he argued that he recognized one of the persons in venire and that another person in venire was his bartender.  He also complained that an out of town judge heard the case (Dkt. # 13, Exhibit 4). Again no issue was raised as a federal claim.

REPORT AND
RECOMMENDATION - 3

1   The Washington State Court of Appeals affirmed the conviction and sentence holding

2   Seppa's claim was resolved when the trial court accepted a revised stipulation and that by submitting

3   the revised stipulation petitioner waived any challenge.  The court also held that the statement of

4   additional grounds was meritless because the matters were outside the record, and by not raising the

5   issues at trial petitioner waived them (Dkt. # 13, Exhibit 2).

6   Petitioner filed a motion for discretionary review to the Washington Supreme Court raising

7   

8   the following issues:

9       1.      May a trial judge accept a stipulation bifurcating a criminal trial and
            waiving a jury on one element of a charged offense?
10

11      2.      May a litigant preserve for appellate review a judge's decision rejecting a
            proposed stipulation, even though the litigant enters an alternate
12          stipulation after the initial proposal is denied?

13  (Dkt. # 13, Exhibit 7).  On September 8, 2009, the Washington Supreme Court denied review.  The

14  mandate issued September 25, 2009 (Dkt. # 13, Exhibits 8 and 9).  Petitioner then filed a personal

15  restraint petition in the Washington State Court of Appeals arguing:

16      1.      RCW 46.61.602(6)(a) is Un-constitutional (sic) because it is "a law which
17          aggravates a crime, or makes it greater, than [when] it was committed," or
            "Permits Imposition of a different, or more, Severe (sic) punishment than
18          was permissible when the crime was committed." This is the ex-post facto
            law. The court told my old Misdemeanors, DUI's and counted them as
19          Felony Point Count for count (sic).

20
        2.      The fact that the trial court Changed (sic) my Old Misdemeanors DUI"s
21          Charges, into Felonies without a hearing it. This violates Due Process
            charge of the State and Federal Constitutions, and again the Ex-Post Facto
22          Clause of the same Constitutions. "A law which aggravates a crime, or
            makes it Greater (sic) than [when] it was committed."
23

24  (Dkt. # 13, Exhibit 10, (emphasis and underlining omitted).  The petition was dismissed June 16,

25  2010 (Dkt. # 13, Exhibit 11).  Respondent states that as of the time of filing the answer no mandate

26  had issued.  No motion for discretionary review was filed.

REPORT AND
RECOMMENDATION - 4

Petitioner raises a single ground for review in his federal habeas petition:

1.      The trial court abused its discretion by refusing to consider the parties'
        stipulation and agreement removing Mr. Seppa's prior conviction from the
        jury's consideration.

(Dkt. # 3).

## EVIDENTIARY HEARING NOT REQUIRED

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing in this court shall not be held unless the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, this court concludes that there is no reason to conduct an evidentiary hearing.

## STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United

1    States." 28 U.S.C. § 2254(a)(1995).  The Supreme Court has stated many times that federal

2    habeas corpus relief does not lie for mere errors of state law.  Estelle v. McGuire, 502 U.S. 62

3    (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984);

4        A habeas corpus petition shall not be granted with respect to any claim adjudicated on the

5    merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary

6    to, or involved an unreasonable application of, clearly established federal law, as determined by

7    the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination

8    of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d).   Further, a

9    determination of a factual issue by a state court shall be presumed correct, and the applicant has

10   the burden of rebutting the presumption of correctness by clear and convincing evidence.  28

11   U.S.C. §2254(e)(1).

12

13

14                                   **DISCUSSION**

15       A state prisoner seeking habeas corpus relief in federal court must exhaust available state

16   relief prior to filing his petition in federal court. A federal habeas petitioner must provide the state

17   courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v.

18   Henry, 513 U.S. 364 (1995). In order to bring a ground for relief to this court, petitioner must have

19   exhausted the claim at every level of appeal in the state courts. Ortberg v. Moody, 961 F.2d 135, 138

20   (9th Cir. 1992). It is not enough that all the facts necessary to support the federal claim were before

21   the state courts. Id. *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S.

22   4 (1982). The petitioner must present the claims to the state's highest court, even where such review

23   is discretionary. Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995); O'Sullivan v. Boerckle,

24   526 U.S. 838, 845(1999).

25

26       Here, petitioner did not present any federal ground for relief on direct appeal.  Further, he

     did not present his personal restraint petition to the state's highest court.  Accordingly no ground

1  for relief is exhausted.  The mandate from the direct appeal was entered September 25, 2009,

2  petition has one year from that date to file a collateral challenge to his conviction and sentence.

3  See RCW 10.73.100.  The court dismisses unexhausted claims that are not procedurally barred

4  without prejudice.  Rose v. Lundy, 455 U.S. 509 (1982).

5                              **CERTIFICATE OF APPEALABILITY**

6
7          A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

8  court's dismissal of his federal habeas petition only after obtaining a certificate of appealability

9  (COA) from a district or circuit judge.  A certificate of appealability may issue only where a

10 petitioner has made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C.

11 § 2253(c) (3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could

12 disagree with the district court's resolution of his constitutional claims or that jurists could

13 conclude the issues presented are adequate to deserve encouragement to proceed further."

14 Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that

15
16 petitioner is not entitled to a certificate of appealability with respect to this petition.

17
18                                    **CONCLUSION**

19         This petition is unexhausted.  **PETITIONER HAS UNTIL SEPTEMBER 24, 2010,** to

20 file a personal restraint petition in state court that raises a federal claim.  This petition should be

21 DISMISSED WITHOUT PREJUDICE.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the

22 Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this

23 Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result

24 in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).

25
26

REPORT AND
RECOMMENDATION - 7

1    Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the

2    matter for consideration on October 8, 2010, as noted in the caption.

3         Dated this 10th day of September, 2010.

4

5

6    J. Richard Creatura
     United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND
RECOMMENDATION - 8